IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLADSTONE FLORIST, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-0713-CV-W-DW |
| ) | |
| TTP, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Now before the Court is Plaintiff Gladstone Florist LLC's motion to remand (Doc. 6). The Court grants the motion and remands the case to state court.

Gladstone Florist sued Defendant TTP, Inc. in state court, acting as representative for the class of "all Missouri florists who have been damaged by Defendant's fictitious telephone directory or internet listings." The class-action petition alleges that TTP "has placed various fictitious telephone and internet directory listings throughout the State of Missouri. Defendant's fictitious florist directory listings are designed to create the false impression that the listing is for a bona fide Missouri business." For example, TTP allegedly placed a telephone directory listing as "Gladstone Florist, Gladstone 816-452-6448," which appeared immediately before Gladstone Florist LLC's "legitimate" listing. Gladstone Florist, on behalf of the class, requests compensatory and punitive damages for tortious interference with a business expectancy. It also seeks to enjoin TTP, in Missouri, from (1) listing its business as a bona fide Missouri business; (2) failing to identify its call-center as an out-of-state business; (3) giving Missouri consumers the impression through its listings that it is a local retail florist; (4) using the name of bona fide

Missouri florists in its telephone and internet directory listings; and (5) continuing its interference with the valid business relationships and expectancies of the class. TTP removed the case, asserting that this Court has jurisdiction under the Class Action Fairness Act of 2005 (CAFA). See 28 U.S.C. § 1332(d).

Under CAFA, district courts have original jurisdiction over class actions when the amount in controversy exceeds $5 million, exclusive of interest and costs, and any member of the plaintiff's class is a citizen of a state different from the defendant. See 28 U.S.C. § 1332(d)(2). Further, the class must have 100 or more members. See 28 U.S.C. § 1332(d)(5)(B).

The decisive issue here is whether the removing defendant has the burden of persuasion on federal jurisdiction, or whether the plaintiff must disprove jurisdiction. With no binding authority—beyond the statute itself—this Court adopts the Seventh Circuit's opinion holding that CAFA does not shift the burden to the plaintiff. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447-49 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, JJ.); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682-86 (9th Cir. 2006); Miedema v. Maytag Corp., 450 F.3d 1322, 1327-30 (11th Cir. 2006); Judy v. Pfizer, Inc., 2005 WL 2240088, at *1-2 (E.D. Mo. Sept. 14, 2005); Ongstad v. Piper Jaffray & Co., 407 F. Supp. 2d 1085, 1088-90 (D.N.D. 2006); Williams v. Tex. Commerce Trust Co., 2006 WL 1696681, at *3 n.5 (W.D. Mo. June 15, 2006). But see, e.g., Natale v. Pfizer, Inc., 379 F. Supp. 2d 161, 168 (D. Mass. 2005) (CAFA shifts burden to plaintiff). Therefore, TTP must demonstrate by a preponderance of evidence that this case belongs in federal court. See In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003) (standard of proof). It fails to do so.

This case must be remanded because TTP has not adequately shown that the class has 100

or more members.[1]  See 28 U.S.C. § 1332(d)(5)(B); Ongstad, 407 F. Supp. 2d at 1092 n.4.  The class is "all Missouri florists who have been damaged by Defendant's fictitious telephone directory or internet listings."  TTP's notice of removal states only:  "On information and belief, and due to the expansive and open-ended scope of the purported class allegations in the state court petition, the aggregate number of class members for plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B)."  In opposition to remand, TTP does not state the number of listings with Missouri addresses or telephone numbers from which it has derived business.  See Brill, 427 F.3d at 447-48 ("When the defendant has vital knowledge that the plaintiff may lack, a burden that induces the removing party to come forward with the information—so that the choice between state and federal court may be made accurately—is much to be desired.").  Instead, it essentially argues that there are 100 or more class members because there are hundreds of florists in Missouri.  But—contrary to TTP's assertion—the class definition is not so "broad" and "vague" as to include all florists that advertise on the internet or in phone books.  It is clear from the petition that "damage" or "interference" is something more immediate than metaphysical lost sales of each Missouri-based retail florist, regardless of

---

[1] If TTP could demonstrate an adequate number of class members, the Court would conclude that CAFA's amount-in-controversy requirement is not satisfied.  The petition states that this is a negative-value case, and that less than $5 million is at stake.  TTP does little to convince the Court otherwise.  It makes no attempt to quantify the number of potential class members, the potential value of individual damages claims, or the potential aggregate value of all claims.  TTP's main argument is that the requested injunction would cost it more than $5 million.  That assertion might be true, but there is nothing beyond speculation and conjecture to back it up.  TTP's parade of horribles—collapse of its business in all states, crippling of a non-party florist network, destruction of a non-party marketing and telephone services firm, stifling of the business activities of national and local telephone companies, layoffs or business failure at perhaps thousands of retail florists—is good reading, but not particularly helpful in determining the amount in controversy.

whether TTP ever derived business from any telephone number listed in its geographical area. On the record before it, the Court can only conclude that the class consists of more than a few but less than all Missouri florists. In other words, great uncertainty remains about the number of class members. See Miedema, 450 F.3d at 1332; In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (all doubts about federal jurisdiction resolved in favor of remand).

Because TTP has not demonstrated that the federal district courts have subject matter jurisdiction, the Court hereby GRANTS the motion to remand (Doc. 6), and ORDERS that this case shall be remanded to the Circuit Court of Clay County, Missouri.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: December 28, 2006